IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_9th_ DIVISION

WILLIAM G. TACK AND JOAN
B. TACK FAMILY TRUST                                     PLAINTIFF

VS.                     NO. 2009-4129

FILED 06/10/09 09:20:36
ZPat O'Brien Pulaski Circuit Clerk
cr08 By_____

CITY OF SHERWOOD, ARKANSAS                               DEFENDANT

## COMPLAINT

The Plaintiff, William G. Tack and Joan B. Tack Family Trust (the "Trust"), for its Complaint against the Defendant, City of Sherwood, Arkansas (the "City"), states:

### I. PARTIES, JURISDICTION, VENUE.

1. The Trust owns the property that is the subject of this lawsuit, 17 Algonkin Place, Sherwood, Pulaski County, Arkansas, containing approximately 16.27 acres and including a single-family residence (the "Property").

2. The City is a municipality of the State of Arkansas and is located in Pulaski County, Arkansas. The City's sewage treatment facility is adjacent to, and in some cases, on the Property.

3. This is an action for violation of substantive due process and taking without just compensation under both the Arkansas and United States Constitutions. The Court has jurisdiction over the subject matter and the parties pursuant to 42 U.S.C. § 1983. Venue is proper pursuant to Ark. Code Ann. § 16-55-213(a).

1



EXHIBIT 1

## II. FACTS.

4.  As described herein, the Trust has causes of action against the City and its agents for, *inter alia*, unconstitutional taking of the Property for public use without just compensation and substantive due process violations.

5.  When Mr. William Tack originally sold the property adjacent to the Property upon which the City's sewer plant is now situated, he agreed to do so only after the City took him and his wife to see another facility that was not visible from adjacent properties and did not smell, and only after the City's agents assured him that the plant to be built next to the Property would be built the same way.

6.  Today, the City's sewage plant is visible from the residence on the Property, and the facility smells. So, the City failed to keep the promises that induced Mr. Tack to sell that property to the City.

7.  In addition, when the City persuaded Mr. Tack to sell yet another parcel adjacent to the Property for use by the sewage plant, the City agents told Mr. Tack that the parcel would remain as green space only. Based on this promise, Mr. Tack agreed to sell this second parcel to the City. Yet, tanks are now situated on this second parcel. This conduct demonstrates the City's bad faith, which offends traditional notions of fair play.

8.  Further, the City is taking the Property for public use without compensating the Trust. During heavy rains, the sewage ponds overflow into and onto the lake and land on the Property, rendering the Property unsafe and unfit for humans. Upon information and belief, the City has placed phone, water, and power lines for the sewage plant under the Property without consent. Moreover, when it floods, the City's agents drive their trucks over the Property's driveway rather than through the easement because the easement is underwater. In fact, very

recently, the City entered on the Property to repair potholes in the driveway (which the City trucks caused) without the consent of the Trust.

9. The City's bad faith dealings with the Trust and its Property have been exacerbated by the City Council's recent, apparent indifference to the situation. By letter dated November 7, 2008, the City Attorney, Stephen Cobb, offered on behalf of the City of Sherwood to purchase the Property for $229,000.00, contingent upon City Council approval. On November 24, 2008, the Council failed to approve the offer, apparently because one or more of the Council members wished to pay no more than $150,000.00.

10. The City Council's position is offensive. In September 2006, this Property appraised for $499,000.00. As the City Attorney noted during the City Council meeting in November 2008, the appraiser still stands by his valuation. In addition, the City needs the Property for expansion of the City's sewer plant. At one point, Mrs. Tack had another offer to purchase the Property, but Mayor Virginia Hillman asked Mrs. Tack to refrain from selling the Property because the City wanted it, and Mrs. Tack honored the Mayor's request.

11. So, when the City Council refused to pay $229,000.00 for the Property, it was a slap in the face to the Trust and the Tack family. The City seemed to signal the Tack family that the City can and will eventually take the Property whether the City pays or not, and the Tacks cannot stop the City.

12. Finally, to underscore the City's bad faith conduct in dealing with the Property, the City's sewage facility is in violation of state requirements. On December 30, 2008, Cindy Garner of the Arkansas Department of Environmental Quality ("ADEQ") discussed with the City Council that the City has repeat violations from one inspection to another and has effluent violations. These violations have been reported in the newspaper. Because the City's sewage

3

plant is adjacent to the Property, and because everyone now knows that the sewage plant is in violation of state requirements, no one will buy the Property except for the City, who has put the Tack family into this predicament in the first place.

### III. CAUSES OF ACTION.

#### A. Violation of Substantive Due Process.

13. The Trust incorporates herein by reference and realleges all preceding allegations in this pleading.

14. The Trust owns the Property, which is a right protected by the United States and Arkansas Constitutions.

15. The City has deprived the Trust of the use of the Property within the meaning of the due process clause. Because the sewage ponds overflow onto the Property every time there is a hard rain, the Property is unfit for human habitation.

16. In addition, because it is public knowledge that the adjacent sewage plant overflows onto the Property and is violation of ADEQ's regulations, no one will buy or has a use for the Property, except the City. Yet, the City is leveraging the circumstances it caused to take this Property at an unfair price. Such conduct offends traditional notions of fair play.

17. As a proximate cause of this constitutional violation, the Trust has been damaged in an amount determined by a jury, but which is currently estimated to be the amount of the Property as appraised, or $499,000.00, plus attorney's fees. See 42 U.S.C. § 1983.

#### B. Violation of the Takings Clause.

18. The Trust incorporates herein by reference and realleges all preceding allegations in this pleading.

4

19.  The City's continual use of the Property as an overflow for the sewage ponds and for ingress and egress to the sewage plant constitute a taking of the Property for public use without just compensation.

20.  As a proximate cause of this constitutional violation, the Trust has been damaged in an amount determined by a jury, but which is currently estimated to be the amount of the Property as appraised, or $499,000.00, plus attorney's fees. See 42 U.S.C. § 1983.

21.  The Trust demands a trial by jury.

WHEREFORE, the Plaintiff, William O. Tack and Joan B. Tack Family Trust, prays for judgment in its favor and against the City of Sherwood, Arkansas, in the amount of $499,000.00 plus pre-judgment interest accruing at the highest legal rate, plus costs and attorney's fees, with post-judgment interest accruing on the total amount, and for all other just and proper relief to which the Trust is entitled.

Respectfully Submitted,

NISWANGER LAW FIRM PLC
#5 Innwood Circle, Suite 110
Little Rock, AR 72211
(501) 223-2888

By: _____
Stephen B. Niswanger, #96012
Alexander Cale Block, #2007149

*Attorneys for Plaintiff*

5

Case 4:09-cv-00515-BSM   Document 2   Filed 07/20/09   Page 6 of 9

```
State of Arkansas
Pulaski County Circuit Court
Office of the County Courthouse              CASE NO.: CV 2009 004129
401 W. Markham
Little Rock, Arkansas 72201                  DIV: 9TH - HON. MARY MCGOWAN
                                    SUMMONS
                              ( NOTICE OF LAWSUIT )
PLAINTIFFS                                   DEFENDANT
    WILLIAM G TACK AND JOAN B                CITY OF SHERWOOD ARKANSAS

PLAINTIFFS'S ATTORNEY                        DEFENDANT'S ADDRESS
    STEPHEN B. NISWANGER
    P O BOX 242694
    LITTLE ROCK, AR    72201
```

THE STATE OF ARKANSAS TO THE ABOVE NAME DEFENDANT(S):

1. You are hereby notified that a lawsuit has been filed against you by the above named plaintiff(s); The relief asked is stated in the attached complaint.

2. The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a written response or answer and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

   A. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
   B. It must be filed in the Pulaski County Circuit Clerk's Office within TWENTY (20) days from the day you were served with this summons.
   C. A copy of your response must be delivered or mailed to the plaintiff or his attorney.

3. If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you in the time allowed

WITNESS my hand and the seal of said Court this day: June 10, 2009
                                             PAT O'BRIEN, Circuit Clerk

                                             By _____

STATE OF ARKANSAS, COUNTY OF PULASKI
On this ___ day of _____ 20___, at _____
___.M., I have duly served the summons by delivering a copy thereof stating the substance thereof), together with a copy of the complaint such person being:

CHECK APPLICABLE SQUARE:
___ the person named therein as defendant
___ some person residing at defendant's dwelling house or usual place of abode who is at least 14 years old, namely_____
___ the duly designated agent for service of process for the defendant, namely _____
___ OTHER: _____
                                                            , SHERIFF
                                    By: _____
                                        Deputy Sheriff



EXHIBIT 2