## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**WILLIAM G. TACK AND**
**JOAN B. TACK FAMILY TRUST**                                           **PLAINTIFF**

**v.**                              **CASE NO. 4:09cv00515 BSM**

**CITY OF SHERWOOD, ARKANSAS**                                          **DEFENDANT**

### ORDER

Defendant City of Sherwood, Arkansas ("Sherwood") removed this action on July 20, 2009, and filed a motion for summary judgment on April 9, 2010.  After examining the pleadings of both parties, it is determined that this case must be remanded for lack of subject matter jurisdiction.

Plaintiff William G. Tack and Joan B. Tack Family Trust ("the Trust") sued Sherwood alleging a violation of its substantive due process rights and a violation of the Takings Clause.  It alleges that Sherwood took its property without just compensation.  Such a claim is not ripe until state remedies are exhausted.  *Williamson Cnty. Regional Planning Comm. v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985) (". . . if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation."); *Kottschade v. City of Rochester*, 319 F.3d 1038 (8th Cir. 2003) (holding that for a federal takings claim to be ripe, the plaintiff must first file and prosecute an action for inverse condemnation in state court); *McKenzie v. City of White Hall*, 112 F.3d 313, 317 (8th Cir. 1997) (". . . the plaintiff must seek compensation from the state before

proceeding to federal court if adequate state procedures are available . . . ").  Arkansas law provides a remedy for the Trust, *See* Ark. Code Ann. § 18-15-410, and therefore it must exhaust its state law remedies before pursuing its federal claims.

Nothing in the record indicates that state law remedies have been exhausted or that a state inverse condemnation action would be futile.  Accordingly, this court lacks subject matter jurisdiction, and the case is remanded to the Pulaski County Circuit Court.

IT IS SO ORDERED this 22nd day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE